ests.[5] In the light of the pre-existing state of the Alabama law, it seems to us that the language of Section 189, Title 47, of the Alabama Code of 1940 is plain and leaves little or no room for construction, viz.: "may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to settle and determine these questions." We think that this section was intended to give the equity court jurisdiction in the suit for partition or sale for division of the lands to settle and determine all questions of dower in the property of the decedent.

We are not impressed that the appellants' conduct, taken in their own interests, in belatedly having an administrator appointed for the decedent's estate has entitled them to any allowance of costs.

The application for rehearing is

Denied.

Charles A. Stanziale, Newark, N. J., for appellant.

Stanley E. Rutkowski, Asst. U. S. Atty., Trenton, N. J. (Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Stuart B. Rounds, Asst. U. S. Atty., Trenton, N. J., on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges and BURNS, District Judge.

PER CURIAM.

The defendant was convicted on two counts of a three count indictment for violation of the statute providing punishment for knowingly passing or concealing counterfeit money. 18 U.S.C. § 472(Supp.1951). There was adequate evidence to convict. We have fully examined the record. Our conclusion is that there were no errors of sufficient gravity to be the basis for upsetting the jury's verdict and the judgment thereon.

The judgment of the District Court is affirmed.

## UNITED STATES v. BUCKMAN.
### No. 10557.

United States Court of Appeals
Third Circuit.

Argued Jan. 11, 1952.

Decided March 14, 1952.

## STACKS v. UNITED STATES.
### No. 13262.

United States Court of Appeals
Fifth Circuit.

March 13, 1952.

5. Wheat v. Wheat, 190 Ala. 461, 67 So. 417.